Phillip W. JACKSON

v.

DDD COMPANY.

Civil No. S 97–3551.

United States District Court,
D. Maryland.

May 8, 1998.

Phillip W. Jackson, Laurel, MD, pro se.

Richard C. Daniels, Daniels and Daniels, College Park, MD, for defendant.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This is an employment discrimination case, in which the plaintiff, formerly a courier for

the defendant, claims that his termination from that employment violated federal law, as having been tainted by racial discrimination. Discovery has been concluded, and the defendant has moved for summary judgment, which the plaintiff has opposed, with an affidavit. No oral hearing is needed. Local Rule 105.6, D.Md.

The Court first addresses a point made, in passing, in plaintiff's opposition, to the effect that the defendant has not answered the plaintiff's first set of interrogatories, served April 1, 1998. He is correct, but he fails to note or, apparently, to understand that the defendant is not obliged to answer them, as they were served after the close of discovery, which was March 20, 1998, according to the scheduling order entered by the Court. The record reflects no request for, nor grant of, an extension of discovery at the plaintiff's behest. The fact that a litigant is proceeding *pro se* does not relieve him from his obligation to comply with the scheduling orders of the Court entered for the orderly conduct of litigation. As the Supreme Court clarified in *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 n. 6, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), a summary judgment motion is properly made after the close of the discovery period, which is true whether or not discovery was in fact conducted or completed by the motion's opponent.

Turning to the merits, it is evident that plaintiff has not brought forth evidence upon which any reasonable fact-finder could find that he had shown intentional racial discrimination, by a preponderance of the evidence, were the case at the directed verdict stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Plaintiff is simply incorrect, under *Anderson* and *Celotex*, when he argues, in his opposition, that it is the summary judgment movant's burden to show entitlement to summary judgment in its favor by clear and convincing evidence.

The record shows that plaintiff was fired for having left important materials in his company vehicle over a weekend. The vehicle was broken into, and the materials were stolen. The loss of the materials, which were medical records and specimens from Peace Corps volunteers, resulted in a claim of over $10,000 being lodged against the defendant by the Peace Corps. Leaving such materials unattended is certainly *not* performance up to the standards legitimately expected of an employee in plaintiff's position. Thus, he has no *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Even if plaintiff had shown a *prima facie* case, the employer's reason for discharging him is plainly not a pretext. Whether or not plaintiff admits to having been advised of company policy regarding leaving materials in vehicles unattended, and whether or not overtime was authorized, common sense dictates that such materials not be left unattended over a weekend. Firing an employee who leaves important materials unattended cannot be said to have been a pretext for discrimination. Plaintiff's attempts to set up disputes of fact concerning his knowledge of company policy and the preclusion of overtime are not material to the legal issues, and, thus, do not affect the Rule 56(c) analysis.

Furthermore, in that this is a disciplinary termination case, the plaintiff must show that comparable transgressors not within his protected class were treated less harshly than he. *Moore v. City of Charlotte*, 754 F.2d 1100, 1106 (4th Cir.), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). This, he cannot do.

In his affidavit, plaintiff recites only hearsay evidence that a caucasian employee went unpunished after having left materials unattended in a vehicle overnight, saying that he was told this by another employee. Such evidence, plainly not being admissible under Fed.R.Evid. 801 *et seq.*, cannot stave off summary judgment. *Wilson v. Clancy*, 747 F.Supp. 1154 (D.Md.1990), *aff'd. table*, 940 F.2d 654 (4th Cir.1991).

Moreover, in that there is no indication that important materials were, in the incident involving the caucasian, in fact lost, or, for that matter, that the fact they were left unattended was ever brought to the attention of management, the situation plaintiff cites is

plainly insufficient to generate a triable dispute under *Moore, supra.*

There remains the disposition of defendant's counterclaim, seeking reimbursement, on a negligence theory, for the claim it had to pay (or might have to pay in the future) to the Peace Corps on account of plaintiff's dereliction.

There is plainly no diversity of citizenship between plaintiff and defendant, and, even if there were, the Court doubts that the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 would be satisfied as to the counterclaim. The Court, having dismissed the plaintiff's claims, no longer has original jurisdiction over any aspect of this case, but it could exercise supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367.

The Court, however, has discretion to decline to exercise such jurisdiction where it has dismissed the claim over which it had original jurisdiction, under 28 U.S.C. § 1367(c)(3). *Shanaghan v. Cahill,* 58 F.3d 106 (4th Cir.1995). That discretion extends to the dismissal of counterclaims outside the original jurisdiction of the Court. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills,* 141 F.3d 1284 (8th Cir.1998).

■ In this case, there is absolutely no reason to try a $10,000, more or less, negligence case to a jury in a federal court, and the Court hereby exercises its discretion in favor of dismissing the counterclaim. The Court notes that that claim is subject to the savings provision of MD RULE 2–101(b).

An appropriate order and judgment will be entered separately.

### ORDER AND JUDGMENT

For the reasons stated in a Memorandum Opinion entered herewith, it is, by the Court, this 8th day of May, 1998, ORDERED and ADJUDGED:

1. That the defendant's motion for partial summary judgment BE, and it hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, ENTERED in favor of the defendant, against the plaintiff, on the plaintiff's complaint, with costs awarded to the defendant;

3. That the defendant's counterclaim BE, and it hereby IS, DISMISSED, without prejudice, for lack of federal subject matter jurisdiction, 28 U.S.C. § 1367(c)(3); and

4. That the Clerk mail copies hereof and of the said Opinion to plaintiff and to counsel for the defendant.